# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1248 | **DATE** | 4/21/2004 |
| **CASE TITLE** | Debra Lathom vs. City of Des Plaines | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Defendants' Answer ¶15 is stricken and counsel for City and Beck must file an amendment to the Answer responding to Lathom's allegations on or before April 29, 2004. Ads 1, 2 and 4 are stricken without leave to replead.

(11) ■ [For further detail see

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 22 2004 | 6 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/21/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBRA D. LATHOM,  )
                  )
       Plaintiff, )
                  )
v.                ) No. 04 C 1248
                  )
CITY OF DES PLAINES, et al., )
                  )
       Defendants. )

MEMORANDUM ORDER

City of Des Plaines ("City") and its alderman Thomas Becker ("Becker") have filed their Answer and Affirmative Defenses ("ADs") to the employment discrimination claim brought against them by Debra Lathom ("Lathom") under Title VII and 42 U.S.C. §1983. This memorandum order is issued sua sponte because of some problematic aspects of that pleading.[1]

To begin with, Answer ¶15 declines to respond to the allegations in Complaint ¶15 on the premise that those allegations "attempt[ ] to state a legal conclusion, which is as a matter of law to be decided by the court." That is just wrong, for legal conclusions are an entirely permissible part of federal pleading--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly Answer ¶15 is

---

[1] It should be added parenthetically that counsel for City and Becker placed the pleading in this District Court's drop box despite the express directive at the drop box location that it is not to be used in connection with cases that are assigned to the calendar of this Court, which requires that all filings be made in its chambers.



stricken, and counsel for City and Becker must file an amendment to the Answer responding to Lathom's allegations.

Several of the ADs are also problematic. Here are their difficulties:

1. AD 1 is at odds with the fundamental principle that every affirmative defense (see Fed. R. Civ. P. 8(c)) must <u>admit</u> a plaintiff's allegations but explain why a defendant is nonetheless not liable--see App. ¶5 to <u>State Farm</u>. In this instance the AD contradicts Complaint ¶16.

2. AD 2 poses the same problem, this time because it controverts Complaint ¶¶19 and 20.

3. AD 4 is absurd. If Lathom's allegations are taken as true, as they must be, there is no way in which Becker could even arguably be entitled to qualified immunity for his behavior as charged in Complaint ¶¶6, 7 and 9-12.

Accordingly ADs 1, 2 and 4 are stricken without leave to replead.

Because the flaw identified earlier as to Answer ¶15 is readily curable, counsel for City and Becker is ordered to file a brief amendment to the Answer in this Court's chambers on or before April 29, 2004 (with a copy of course to be delivered contemporaneously to Lathom's counsel) containing an answer to Complaint ¶15.

_/s/ Milton I. Shadur_
Milton I. Shadur
Senior United States District Judge

Date: April 21, 2004